CHTEF JUSTICE PETERS
delivered the opinion op the court:
It is not alleged, either in the original or amended petition, that appellant was a lawyer, and by his profes *271 sional skill procured the assent of the officer authorized to administer the amnesty oath, under the proclamation of the President of the United States, that James W. Gibson should take said oath, and that he should be permitted to remain in Kentucky; nor is it alleged that he performed any services whatever by which said Gibson was enabled to take said oath and to remain in Kentucky. These rights were secured to him (from all that appears in the petition) by virtue of the proclamation; and in order to entitle appellant to recover in this action, he should have stated what services he had performed for Gibson, professionally or otherwise, without which these rig'hts would have been denied him, or he would have been delayed in their enjoyment.
But if the undertaking to pay the money was made in consideration that appellant was, by reason of his actual or supposed influence with the military authorities, to induce them to allow said Gibson to avail himself of these privileges (and' this may be inferred from the failure of appellant to set forth in his petition what services he rendered), such contracts are denounced as illegal and against public policy. The original petition did not state facts sufficient to constitute a cause of action, and the court below might, upon a motion in arrest of judgment, have set the same aside; and if that was not done, the defect would have been fatal on an appeal to this court. The amended petition was in like manner insufficient, consequently, the demurrer was properly sustained.
Wherefore, the judgment is affirmed.